CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Rafael Arroyo, Jr.

Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co.
and Tesoro Refining & Marketing Company LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**, <br>     Plaintiff, <br> v. <br> **Thrifty Oil Co.**, a California Corporation; <br> **Tesoro Refining & Marketing Company LLC**, a Delaware Limited Liability Company; and Does 1-10, <br>     Defendants | Case No. 2:19-cv-03590-SS <br><br> **Joint Rule 26(f) Report** <br><br> Date:      July 30, 2019 <br> Time:      11:00 AM <br><br> Honorable Judge Suzanne H. Segal |

      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court's Standing Order (Docket #25) and the Court's Order Setting Matter For A

Scheduling Conference (Docket #26), the parties, having met and conferred personally on July 9, 2019 through their respective attorneys of record, hereby submit the following Rule 26(f) Report.

**a)    Statement of the Case**

<u>Plaintiff</u>: Rafael Arroyo, Jr. is a paraplegic who cannot walk and who uses a wheelchair for mobility. Defendant Thrifty Oil Co. owns the real property located at or about 2698 E. South Street, Long Beach, California. Defendant Tesoro Refining & Marketing Company LLC owns Shell ("Gas Station") located at or about 2698 E. South Street, Long Beach, California.

On the date of the plaintiff's visit, the defendants did not provide accessible paths of travel in conformance with the ADA Standards. There was no safe wheelchair accessible route of travel from the boundary of the site to the entrance of the Gas Station store.

Defendant's failure to provide for accessible path of travel at the Gas Station is a violation of the ADA and is discriminatory against the Plaintiff. Defendant violates Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

<u>Defendants</u>: Thrifty Oil Co. ("Thrifty Oil") holds a fee interest in the real property commonly known as 2698 E. South Street, Long Beach, California ("Property") and Tesoro Refining & Marketing Company LLC ("Tesoro") holds a leasehold interest in the Property.  The Property is improved with a Shell-branded service station.

As for the allegation that the Property lacks an accessible path of travel from the edge of the Property, such allegation is without merit.

### b) Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This Court has the authority to exercise supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### c) Legal Issues

Plaintiff: The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

Defendants: The key legal issues include: (1) whether there was an accessibility barrier as alleged in the Complaint, and (2) if there was an accessibility barrier as alleged in the Complaint, whether Plaintiff is entitled to statutory damages based upon Plaintiff's state law claim regarding the same (which requires Plaintiff to establish he suffered "difficulty, discomfort or embarrassment" because of any such accessibility barrier).

### d) Parties, Evidence, etc.

Plaintiff: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigators for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

Defendants: Defendants' expected witnesses include Plaintiff, persons that can authenticate photographs of and/or otherwise testify about the nature of the alleged accessibility barrier at the Property, and Defendants' expert(s). Potential evidence includes photographs of the Property.

### e) Damages

Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per violation.

Defendants: Since, as discussed above, Defendants do not believe the accessibility barriers alleged in the Complaint exists, Defendants do not believe there exists any grounds for the damages sought by Plaintiff in his Complaint.

### f) Insurance

None.

### g) Motions

Plaintiff: does not anticipate the need to amend the complaint to add additional Defendants. Plaintiff does not believe it likely that he will seek

transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the Complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>: Defendants do not agree with Plaintiff's interpretation of *Doran* and *Chapman*. Defendants may file a Motion for Summary Judgment.

### h)   Manual for Complex Litigation

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

### i)   Status of Discovery

<u>Plaintiff</u>: intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants</u>: Defendants anticipate propounding written discovery upon Plaintiff and taking Plaintiff's deposition.

### j)   Discovery Plan

(1) <u>Disclosures</u>

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures by July 23, 2019.

(2) Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible path of travel at the Gas Station; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

Defendants: Defendants intend to seek, via written discovery and depositions, discovery regarding Plaintiff, Plaintiff's visit to the Property, Plaintiff's reason for visiting the Property, and all other issues relevant to their defense

The parties do not propose to conduct discovery in phases.

(3) Changes in Limitations on Discovery

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendants: Defendants see no reason to increase the limits on discovery.

(4) Electronic Discovery

Plaintiff: hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

Defendants: Defendants do not have video footage from the Property.

### k) Discovery cut-off

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of June 8, 2020.

<u>Defendants</u>:  To ensure orderly case management, Defendants believe the non-expert discovery cut-off should be *before* the designation of expert witnesses.  Hence, Defendants propose an earlier non-expert discovery cut-off of April 27, 2020, which is 3 weeks before the proposed deadline for the initial designation of expert witnesses

### l) Expert Discovery

<u>Plaintiff</u>: proposes Initial disclosure of Expert Witnesses date of May 18, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of June 15, 2020.  Expert witness depositions to be completed by June 29, 2020. The date for Expert cut-off is proposed to be June 29, 2020.

<u>Defendants</u>: Defendants do not oppose the proposed May 18, and June 15 dates for initial and rebuttal expert disclosures (nor do Defendants oppose the proposed date of June 29, 2020 for completing expert depositions).  However, as for the expert cut-off date (including hearing discovery motions regarding experts), Defendants believe that deadline should be eight (8) weeks (here, August 24, 2020) *after* the deadline for deposing expert witnesses (here, June 29, 2020).  An August 24, 2020 deadline for hearing motions regarding experts is still sufficiently in advance of the proposed September 22, 2020 trial date, and is necessary given the need to meet and confer before preparing and filing an expert discovery motion (which requires *at least* 18 days under Local Rule 37), plus the additional 21 days required to notice an expert discovery motion.

**m)   Dispositive Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants</u>: Defendants may file a Motion for Summary Judgment.

**n)   Settlement**

<u>Plaintiff</u>: Plaintiff believes that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

<u>Defendants</u>: Defendants believe Settlement Procedure Number 3 – private mediation – should be utilized in this case.

**o)   Trial Estimate**

<u>Plaintiff</u>: has requested a bench trial and anticipates a 2-3 day trial.

<u>Defendants</u>: Based upon the alleged barrier presently pled in the Complaint, Defendants estimate a 1-2 day bench trial. Defendants estimate calling 3-4 witnesses.

**p)   Trial Counsel**

Trial counsel for Plaintiff is Raymond Ballister, Jr.

Trial counsel for Defendant is Douglas Gravelle.

**q)   Independent Expert**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**r)**     **Timetable**

Appended as Exhibit A.

**s)**     **Other Issues**

<u>Defendants</u>: The undersigned counsel has significant concerns about how Plaintiff's counsel (Center for Disability Access) manages cases. This concern stems from the undersigned's handling of many cases filed by the Center for Disability Access over the years. In essence, the Center for Disability Access "silos" each attorney to do very discrete, similar tasks over hundreds and hundreds of cases. For example, one attorney handles Rule 26 telephone conference, another attorney handles Court appearances, another attorney handles depositions, another attorney handles discovery responses, another attorney handles discovery disputes, another attorney handles mediations, and another attorney handles pre-trial preparation. In these relatively simple ADA cases, it is not uncommon to deal with six (6) different attorneys at the Center for Disability Access over the course of the case. The problem with this "silo" approach is that it makes settlement any time before the eve of trial very difficult because no one attorney at the Center for Disability Access "owns" the case or goes home at night thinking about how to resolve the case. Rather, each just does his or her little part in the big assembly line with little concern about resolution. The Center for Disability Access may claim that Phyl Grace handles all settlements. But Ms. Grace, according to the most current PACER search, currently has 810 open cases (in just the Central District alone), so she realistically cannot devote the time that is necessary to settlement. The solution? The Court should require the Center for

Disability Access to designate one lead attorney and one backup attorney to handle ALL matters in this case (including discovery, court appearances, settlement discussions, mediations, pre-trial preparation, trial, etc.). The undersigned counsel handles all such matters in this case for all Defendants, with one partner on backup in case of a sickness, scheduling conflict, etc. There is no reason why Plaintiff's counsel (Center for Disability Access) cannot do the same.

<u>Plaintiff's Response</u>: Plaintiff's counsel takes issue with the misrepresentation by Defendant of the delegation system utilized by its law firm. This court, as our federal courts across the state are aware, Center for Disability Access settles numerous cases at all stages of the case, not "on the eve of trial" as Defendant suggests. This is a peculiarity for matters handled by Mr. Gravelle due to his litigation style. However, despite the inaccuracies and exaggerations employed by Defendant, the entire discussion is misplaced, as it is settled law that the Defendant and the Court ""may not attempt to impose its own judgment regarding the best way to operate a law firm." *Moreno v. City of Sacramento* (9th Cir. 2008) 534 F.3d 1106, 1114-15. Should this matter continue through to a request for attorney's fees, Defendant will have the ability to critique the reasonableness of any request, however Plaintiff and his counsel controls the staffing decisions on his case.

Dated: July 11, 2019                CENTER FOR DISABILITY ACCESS


By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff Rafael Arroyo, Jr.


Dated: July 11, 2019                HINSON GRAVELLE & ADAIR LLP


By:  */s/Douglas A. Gravelle*
Douglas A. Gravelle
Attorney for Defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC

# SIGNATURE ATTESTATION

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: July 11, 2019                                    CENTER FOR DISABILITY ACCESS

                                                        By: */s/Dennis Price*
                                                        Dennis Price
                                                        Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Plaintiff Requests | Defendants Request (if Different) |
|---|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 3/30/2020 | 30 days after Scheduling Order issued |
| Non-Expert Discovery Cut-Off | 15 | 6/8/2020 | April 27, 2020 |
| Expert Discovery Cut-Off | 12 | 6/29/2020 | August 24, 2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 7/13/2020 | |
| Last Day for Law and Motion Hearings | 8 | 7/28/2020 | |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 9/7/2020 | |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 9/14/2020 | |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 9/18/2020 | |
| Trial **(Tuesday at 9:00 a.m.)** | | 9/22/2020 | |